## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## AT MARTINSBURG

**CHARLES REDMAN,**

     **Petitioner,**

**v.**
                                    **CIVIL ACTION NO. 3:02CV97**
                                    **CRIMINAL ACTION NO. 3:01CR14**

**UNITED STATES OF AMERICA,**

     **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DENYING MOTION FOR EXTENSION OF TIME

This matter is now before the Court for consideration of petitioner's motion for extension of time to file objections (Doc. No. 98). On May 12, 2005 this Court adopted by Order (Doc. No. 87) the Report and Recommendation of Magistrate Judge James E. Seibert (Doc. No. 82) dated August 15, 2003. However, on May 10, 2005 the Court granted petitioner's motion to reconsider (Doc. No. 92) based on the assertion that he had not received the Magistrate Judge's Report and Recommendation and was therefore unable to file objections. As such, the Court afforded the petitioner an additional twenty (20) days from receipt of the Report and Recommendation within which to file. Again, on May 22, 2006 petitioner sought an extension based on his confinement in a special housing unit and upcoming transfer (Doc. No. 95). In an Order dated May 30, 2006 (Doc. No. 96) the Court again granted petitioner's requested extension and directed petitioner to file a sworn affidavit upon arrival at the new facility or notify the Court should transfer not occur within ninety (90) days. On August 28, 2006 petitioner filed his final motion requesting extension

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DENYING MOTION FOR EXTENSION OF TIME**

(Doc. No. 98) indicating his imminent transfer and seeking additional time to file objections. Subsequently, the United States filed a response to petitioner's motion on December 12, 2006 (Doc. No. 100).

After consideration of the petitioner's motion (Doc. No. 98) and the United States' corresponding response (Doc. No. 100), the Court **FINDS** that the petitioner is not entitled to the requested relief. As such, **Petitioner's Motion for Extension of Time to File (Doc. No. 98) is DENIED**. Informing the Court's decision is the failure of the petitioner to comply with the Court's May 30, 2006 Order granting petitioner his second extension. That Order specifically provided the petitioner with twenty (20) days following date of transfer to file his objections. In the event that transfer did not occur within ninety (90) days, petitioner was directed to provide notice to the Court. As noted by the United States in its response (Doc. No. 100), petitioner arrived at the new facility on August 30, 2006. The twenty (20) day extension from the date of transfer has long passed without notice or justification. As such, the Court finds that petitioner's requested relief should not be granted.

Given that petitioner is not entitled to the extension, the Court undertakes consideration of the Report and Recommendation prepared by Magistrate Judge James E. Seibert on August 18, 2003

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DENYING MOTION FOR EXTENSION OF TIME

(Doc. No. 82). As previously noted, petitioner did not file objections. Pursuant to 28 U.S.C. § 636(b)(1), this Court conducted a de novo review. As a result, the Court is of the opinion that the Magistrate Judge's Report and Recommendation **(Doc. No. 82)** should be, and is hereby, **ORDERED** adopted.

The Court further **ORDERS:**

1) that the petitioner's motion under Rule 60(b) (**Doc. No. 93**) is **DENIED AS MOOT**; and

2) that petitioner's § 2255 motion (**Doc. No. 74**), **is DENIED and DISMISSED WITH PREJUDICE** based on the reasons set forth in the Magistrate Judge's Report and Recommendation. It is further **ORDERED** that this action be and is hereby **STRICKEN** from the active docket of this Court.

It is so **ORDERED.**

The Clerk is directed to transmit true copies of this order to the *pro se* Petitioner, the United States, and all counsel of record.

**DATED** this 21 day of December, 2006.

/s/ Irene M. Keeley